## No. 94
## MITCHELL et v. SMART

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5637. Decided June 8, 1925

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

480. EVIDENCE—1. A hypothetical question will not be excluded if the facts assumed in framing the question are born out by the evidence offered at the trial and is allowed under proper instructions of the court.

2. It would be error for a court to instruct the jury to disregard all the witnesses' testimony if it found that the testimony was, in part, false.

MAUCK, P. J.

John Smart sued George Mitchell et in Cuyahoga Common Pleas for professional services rendered Mitchell which were reasonably worth $45,000 of which $8000 was paid. Smart recovered a judgment in the Common Pleas and error was prosecuted to the Court of Appeals.

The principal errors assigned by Mitchell were:

Permitting the attorney for Smart to use a hypothetical question in his examination of expert witnesses in order to elict from them their opinion as to the worth of Smart's services because it was vague; and the refusal by the Court below to charge the jury as requested by Mitchell in connection with Smart's diary to the effect that unless the jury found that the entries were made in the diary at about the time the occurrence giving rise to the entries took place, they should disregard it. The Court of Appeals held:

1. The hypothetical question was not vague since the witnesses apparently understood it. The court instructed the jury to disregard the opinion of the witnesses unless they found that the facts assumed in the question were proven by the preponderance of all the evidence, and, viewing the questing together with the instruction, there was no error committed by the court below.

2. It is the contention of Mitchell that the jury should have been instructed to disregard the diary if it found that any one of the entries were made at a time later than the occurrence which gave rise to the entry, having in mind a certain entry which the evidence tends to show to have been made about a year later than the happening of the occurrence.

3. This contention could not be upheld as it would amount to an instruction that the jury should find all the testimony offered by Smart to be false if it considered that the witnesses testimony was false in part. This is not the rule.

Judgment affirmed.

Attorneys—Squire, Sanders and Dempsey, for Mitchell et al; Day & Day for Smart; all of Cleveland.

## No. 95
## D. T. & I. R. R. CO. v. ZUBER

Ohio Appeals, 3rd Dist., Putnam Co.

No. 166. Decided Dec. 5, 1925

111. ASSUMPTION OF RISK—Doctrine does not apply where employee is removed from the scene of operation; although he had knowledge of defective material being used.

WARDEN, J.

Phillip Zuber was an employee of the Detroit, Toledo & Ironton Rd. Co. and while engaged in this employment was injured by a chisel chip, which was caused by the striking of said chisel by a fellow worker. Zuber at the time was engaged in repairing tracks, but had no part in any operation with the chisel; and was some ten feet from the place where it was being used. The Company was engaged in intra and interstate commerce.

It was claimed by the Company that Zuber knew of the defective condition of the chisel; and that the verdict returned in the court below stated that Zuber had such knowledge. The verdict returned and judgment entered thereon was in favor of Zuber, however. The Court of Appeals held:

1. The trial court correctly held that the employee's repairing the track came under the provisions of the Federal Employer's Liability Act.

2. "Master must use ordinary care to furnish the servant a reasonably safe place in which to work."

3. "Servant assumes the risks attributable to a failure of the master to use such care to furnish such place when it appears that the servant knew or was presumed to have known of the unsafe place; and that it endangered his safety, or else such danger was so obvious that an ordinarally prudent person under the same circumstances would have observed and appreciated it." Pa. Rd. Co. v. McDonald, 105 OS. 280.

4. Applying this rule to the instant case, it cannot be said as a matter of law that Zuber knew that he was in a dangerous place, being eight or ten feet from where the chisel was used.

5. The doctrine of "assumption of risk" therefore does not apply in the case above.

Judgment affirmed.

Attorneys—J. P. Leasure, Ottawa, for Zuber; A. O. Slaybaugh, Leipsic, for Company.